# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**SAFECO INSURANCE
COMPANY OF ILLINOIS**                                        **PLAINTIFF**

**v.**                                        **CAUSE NO. 1:17CV67-LG-RHW**

**ESTATE OF CONCEPCION
MATUTE, et al.**                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING UNIVERSITY OF SOUTH ALABAMA'S MOTION TO DISMISS AND SAFECO'S MOTION TO TRANSFER VENUE

**BEFORE THE COURT** are the [145] Motion to Dismiss for Lack of Jurisdiction filed by the defendant University of South Alabama ("USA") and the [152] Motion to Change Venue filed by the plaintiff, Safeco Insurance Company of Illinois, in this interpleader action. The parties have finished briefing the Motions. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that both motions should be granted.

## BACKGROUND

On February 10, 2016, Arthur Campbell was involved in a motor vehicle collision with five other vehicles near the intersection of Highway 49 South and Mississippi Highway 53 in Harrison County, Mississippi. The accident allegedly caused the deaths of three persons — Concepcion Matute, Rosalinda Matute, and Julisa Matute. Several others claim they suffered injuries in the accident. These individuals and the estates of the decedents claim that Campbell's negligence caused the accident.

At the time of the accident, Campbell and his wife were insured by an automobile liability policy issued by Safeco. The policy limits are $50,000 per person and $100,000 per accident. Faced with numerous claims that exceeded the policy limits, Safeco filed this interpleader action and deposited $100,000 into the Court registry. The defendants to the interpleader action included the Estates of the three decedents, the persons who allegedly suffered injuries in the accident, and several medical providers and insurers who claimed to have liens.

Upon Safeco's Motion, the Court entered an [93] Order discharging Safeco from liability and dismissing Safeco with prejudice as a party to this interpleader action. Several defendants were also dismissed from the action. After numerous lengthy negotiations, the remaining parties reached a tentative settlement, pending Chancery Court approval of the settlement in the various estates and guardianship proceedings. However, USA Medical Center had previously filed a probate claim in the Chancery Court of Harrison County in the Estate of Julisa Matute, seeking to recover payment for its treatment of Julisa Matute's accident-related injuries. The Chancery Court found that USA was not entitled to any recovery from the settlement proceeds and USA appealed.

Soon afterwards, Arthur Campbell filed a Motion to join USA as a defendant to this interpleader action. Campbell noted that USA had threatened to sue Safeco, himself, and others in Alabama. This Court granted the Motion. The Court also granted Safeco's request to be reinstated as a party to this interpleader action and permitted Safeco to amend its Complaint to name USA as a defendant.

USA filed the present Motion to Dismiss for Lack of Jurisdiction on the basis of sovereign immunity. Safeco then filed the present Motion to Transfer Venue to Alabama. USA has not opposed the Motion to Transfer Venue, but several defendants, including the Estates of Julisa, Rosalinda, and Concepcion Matute, opposed the transfer of venue.

## DISCUSSION

### I. SOVEREIGN IMMUNITY

The Eleventh Amendment of the United States Constitution provides,

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. The Fifth Circuit has explained that "[t]he Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court . . . .

*Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). "The state need not be the named party in a federal lawsuit, for a state's Eleventh Amendment immunity extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state."

*Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Similarly, the Alabama Constitution provides that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14.

USA Medical Center is a hospital operated by the University of South Alabama, a state university. *See generally Sarradett v. Univ. of S. Ala. Med. Ctr.*, 484 So. 2d 426 (Ala. 1986). The Alabama Supreme Court has held that "[t]he operation of a hospital by a State university falls within the realm of sovereign immunity." *Health Care Auth. v. Davis*, 158 So. 3d 397, 427 (Ala. 2013). As a

result, this Court cannot exercise jurisdiction over USA, and USA must be dismissed from this lawsuit.[1]

## II. Fed. R. Civ. P. 19 and 28 U.S.C. § 1404

Safeco argues that USA is a necessary and indispensable party pursuant to Fed. R. Civ. P. 19. Due to the procedural posture of this case, Safeco argues that the case should be transferred to the United States District Court for the Southern District of Alabama in lieu of dismissal.

Courts conduct a two-step inquiry when determining whether a party is necessary and indispensable. *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009). The first step involves analysis of Fed. R Civ. P. 19(a)(1), which provides that:

> a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* (citing Fed. R. Civ. P. 19(a)(1)). If these factors are satisfied, but the necessary party cannot be joined without destroying subject matter jurisdiction, the court then

---

[1] For the reasons stated below, the Court finds that the remainder of this lawsuit should be transferred to the United States District Court for the Southern District of Alabama. After transfer, Safeco can seek permission to once again add USA as a defendant.

determines whether the party is indispensable by analyzing the following factors set forth in Fed. R. Civ. P. 19(b):

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.* at 629.

The Rule 19 factors yield a determination that USA is a necessary and indispensable party to this lawsuit. This is an interpleader action with a limited sum of funds available for distribution among numerous claimants. USA seeks a portion of those funds, but it refuses to voluntarily subject itself to this Court's jurisdiction. For the reasons explained previously, this Court cannot compel USA to participate in this lawsuit. Safeco cannot be afforded complete relief in the absence of USA's participation in this lawsuit, and Safeco could potentially be subjected to multiple inconsistent judgments if this case proceeds without USA's participation.

Fed. R. Civ. P. 19 does not specifically provide for transfer, but some courts have found that transfer can be ordered in this circumstance pursuant to 28 U.S.C. § 1404. *See, e.g., Tex. Utilities Co. v. Santa Fe Indus., Inc.*, 553 F. Supp. 106, 113 (N.D. Tex. 1982) (explaining that avoiding multiplicity of litigation is "a clear point of overlap between Rule 19 and 28 U.S.C. § 1404(a)" and exercising the court's equitable discretion to transfer the case to another venue); *see also Plomis v. Hodel*,

No. 87-2893, 1988 WL 26091, at *3 (D.C. March 10, 1988) (transferring venue in lieu of dismissal in the interests of justice).

District courts "have broad discretion in deciding whether to order a transfer" pursuant to 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008); 28 U.S.C. § 1404(a). The parties do not dispute that this case could have been filed in the Southern District of Alabama. To determine whether transfer is in the interest of justice and for the convenience of the parties and witnesses, courts evaluate private and public interest factors. *Id.*

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive . . . . The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interest decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*Id.* (internal quotation marks and brackets omitted). These factors are not exhaustive or exclusive, and none of the factors have dispositive weight. *Id.* The Fifth Circuit has explained: "We do not suggest — nor has this court held — that a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting 'score,' is the proper methodology." *In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013).

In the present case, all the applicable private and public interest factors weigh in favor of transfer to Alabama. First, if the Court does not transfer the case, it must dismiss the case, and Safeco would be required to refile the case in Alabama in order to receive relief. Numerous potential claimants who have previously been dismissed from this lawsuit would have to be sued once again, resulting in unnecessary expense and time. As a result, transfer would be more cost-effective and expeditious.

However, some of the defendants argue that Safeco waived its right to seek transfer by filing the case in this Court and by waiting over two years to seek a change of venue. In support of this argument, the defendants cite *Smilde v. Snow*, 73 F. App'x 24 (5th Cir. 2003), and *Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241 (5th Cir. 2017). In *Smilde*, the Fifth Circuit upheld the lower court's denial of the plaintiff's request for a change of venue, because the plaintiff had failed to demonstrate that transfer would be more convenient to other parties or witnesses and he waited almost four months after circumstances occurred that caused him to desire a transfer of venue. *Id.* at 25. In *Utterback*, the plaintiff requested a change of venue pursuant to 28 U.S.C. § 1406(a), arguing that he had originally filed the case in the wrong venue. *Utterback*, 716 F. App'x at 244. The court held that a plaintiff who files his lawsuit in a venue that is not authorized by statute "relinquishes his right to object to the venue." *Id.* (quoting *Olberding v. Ill. Cent. Ry. Co.*, 346 U.S. 338, 340 (1953)). The court also denied the *Utterback* plaintiff's request for a change of venue pursuant to § 1404 because the plaintiff had selected

the forum he claimed was inconvenient and the parties had committed a lot of time and resources to litigating the case prior to the request for a change of venue. *Id.* at 245. The court also noted that the plaintiff's request for a change of venue was likely an attempt to "take a second bite at the apple" after receiving an unfavorable ruling. *Id.*

The present case is distinguishable from *Smilde* and *Utterback*. Safeco did not file this case in an improper venue, and it filed its Motion to Transfer Venue less than one month after the circumstances justifying a change of venue — the filing of USA Medical Center's Motion for Dismiss for Lack of Jurisdiction —first arose. A finding of waiver is inappropriate in this circumstance. *See Farmer v. Synergy Refrigeration, Inc.*, No. 3:13cv213-DPG-FKB, 2014 WL 12622456, at **2-3 (S.D. Miss. Oct. 14, 2014) (holding that cases preventing a plaintiff from seeking a transfer of venue do not apply to circumstances in which a plaintiff seeks a transfer in response to a motion to dismiss for improper venue and lack of personal jurisdiction). The defendants' waiver argument is unpersuasive. Therefore, pursuant to the § 1404 factors, the Court finds that Safeco's Motion to Transfer Venue should be granted.[2]

## CONCLUSION

USA Medical Center is entitled to sovereign immunity, but it is a necessary and indispensable party pursuant to Rule 19. In the interests of justice,

---

[2] The Court further finds that these defendants' vague, unsupported arguments regarding res judicata, the law of the case doctrine, standing, and the first to file rule are likewise unpersuasive.

convenience of the parties, and judicial economy, the Court finds that this lawsuit should be transferred to the United States District Court for the Southern District of Alabama.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [145] Motion to Dismiss for Lack of Jurisdiction filed by the defendant University of South Alabama is **GRANTED**. Safeco's claims against University of South Alabama are **DISMISSED WITHOUT PREJUDICE** to refiling in a court that has jurisdiction.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [152] Motion to Change Venue filed by the plaintiff, Safeco Insurance Company of Illinois, is **GRANTED**. The Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the Southern District of Alabama, Mobile Division.

**SO ORDERED AND ADJUDGED** this the 18th day of July, 2019.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge